1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    PRAKASH NARAYAN,

11          Plaintiff,                    No. CIV S-10-3485 JAM DAD PS

12       v.

13    CALIFORNIA FAIR EMPLOYMENT          ORDER AND FINDINGS AND
      AND HOUSING, et al.,                RECOMMENDATIONS
14
            Defendants.
15    _____/

16          This matter was referred to the undersigned in accordance with Local Rule

17    302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis

18    pursuant to 28 U.S.C. § 1915.

19          Plaintiff has submitted an in forma pauperis application that makes the showing

20    required by 28 U.S.C. § 1915(a)(1).  Plaintiff's request for leave to proceed in forma pauperis

21    will therefore be granted.

22          The determination that plaintiff may proceed in forma pauperis does not complete

23    the inquiry required by the statutes.  Under 28 U.S.C. § 1915(e)(2), the court is required to

24    dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or

25    if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

26    seeks monetary relief against an immune defendant.  To state a claim on which relief may be

1

1   granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

2   face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks

3   an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);

4   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5              In considering whether a complaint states a cognizable claim, the court accepts as

6   true the material allegations in the complaint and construes the allegations in the light most

7   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co.

8   v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

9   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

10  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

11  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

12  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

13             The minimum requirements for a civil complaint in federal court are as follows:

14             A pleading which sets forth a claim for relief . . . shall contain (1) a
               short and plain statement of the grounds upon which the court's
15             jurisdiction depends . . . , (2) a short and plain statement of the
               claim showing that the pleader is entitled to relief, and (3) a
16             demand for judgment for the relief the pleader seeks.

17  Fed. R. Civ. P. 8(a).

18             Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

19  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

20  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

21  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

22  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

23  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

24  enhancements.'"  Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting

25  Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity

26  overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at

1    649.  A complaint must also contain "a short and plain statement of the grounds for the court's

2    jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

3              Here, plaintiff alleges in his complaint that the California Department of Fair

4    Employment and Housing ("DFEH"), the Attorney General of the State of California, the City of

5    Sacramento, the Sacramento Police Department, the Sacramento County District Attorney, the

6    California Commission on Judicial Performance and the California State Bar have violated his

7    right to a "fair trial, fair jury, fair trial judge and fair appeal."  (Compl. (Doc. No. 1) at 1.)

8    Specifically, plaintiff alleges that the named defendants failed to investigate plaintiff's wrongful

9    termination and that they fabricated evidence that was used against plaintiff in a civil trial in state

10   court, which plaintiff characterizes as "fraudulent," concerning plaintiff's alleged wrongful

11   termination.  (Id. at 1-17.)

12             Plaintiff's complaint is deficient in several respects.  First, the Eleventh

13   Amendment serves as a jurisdictional bar to suits brought by private parties against a state or

14   state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S.

15   332, 340 (1979); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Lupert v. California State Bar, 761

16   F.2d 1325, 1327 (9th Cir. 1985); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982);

17   see also Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 121 (1984) ("[A] claim that

18   state officials violated state law in carrying out their official responsibilities is a claim against the

19   State that is protected by the Eleventh Amendment."); Aholelei v. Department of Public Safety,

20   488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages

21   in federal court against a state, its agencies, and state officials acting in their official capacities.")

22   In the instant case, none of the state agencies or state officials named by plaintiff as defendants in

23   this action has consented to suit.

24             Second, with respect to the City of Sacramento, the Sacramento County District

25   Attorney and the Sacramento Police Department, such entities cannot be held liable for an injury

26   inflicted solely by an employee under a theory of respondeat superior.  Polk County v. Dodson,

1 | 454 U.S. 312, 325 (1981); Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978); Gibson

2 | v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106

3 | (2003) (describing the two routes to municipal liability, where municipality's official policy,

4 | regulation or decision violated plaintiff's rights, or alternatively where municipality failed to act

5 | under circumstances showing its deliberate indifference to plaintiff's rights.)

6 |         Third, the vague and conclusory allegations found in plaintiff's complaint fail to

7 | identify any individual who allegedly acted under color of state law.  In this regard, the Civil

8 | Rights Act under which this action was filed provides as follows:

9 |         Every person who, under color of [state law] ... subjects, or causes
          to be subjected, any citizen of the United States ... to the
10 |        deprivation of any rights, privileges, or immunities secured by the
          Constitution ... shall be liable to the party injured in an action at
11 |        law, suit in equity, or other proper proceeding for redress.

12 | 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13 | actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

14 | Monell, 436 U.S. 658; Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the

15 | deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act,

16 | participates in another's affirmative acts or omits to perform an act which he is legally required

17 | to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740,

18 | 743 (9th Cir. 1978).  Moreover, supervisory personnel are generally not liable under § 1983 for

19 | the actions of their employees under a theory of respondeat superior and, therefore, when a

20 | named defendant holds a supervisorial position, the causal link between him and the claimed

21 | constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

22 | (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

23 | allegations concerning the involvement of official personnel in civil rights violations are not

24 | sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25 |         Finally, the majority of the allegations found in plaintiff's complaint concern

26 | errors that allegedly occurred during his state court civil trial and the related state appellate

1 review.  Under the <u>Rooker-Feldman</u> doctrine, federal district courts lack jurisdiction to review

2 alleged errors in state court decisions.  <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S.

3 462, 476 (1983) (holding that review of state court determinations can be obtained only in the

4 United States Supreme Court).  The doctrine applies to "cases of the kind from which the

5 doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by

6 state-court judgments rendered before the district court proceedings commenced and inviting

7 district court review and rejection of those judgments."  <u>Exxon Mobil Corp. v. Saudi Basic</u>

8 <u>Indus. Corp.</u>, 544 U.S. 280, 284 (2005).  "The purpose of the doctrine is to protect state

9 judgments from collateral federal attack."  <u>Doe & Assocs. Law Offices v. Napolitano</u>, 252 F.3d

10 1026, 1030 (9th Cir. 2001).  Pursuant to this doctrine, a federal district court is prohibited from

11 exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court

12 judgment.  <u>Kougasian v. TMSL, Inc.</u>, 359 F.3d 1136, 1139 (9th Cir. 2004).  A federal district

13 court may not examine claims that are inextricably intertwined with state court decisions, "even

14 where the party does not directly challenge the merits of the state court's decision but rather

15 brings an indirect challenge based on constitutional principles."  <u>Bianchi v. Rylaarsdam</u>, 334

16 F.3d 895, 900 n.4 (9th Cir. 2003).  <u>See</u> <u>also</u> <u>Ignacio v. Judges of U.S. Court of Appeals</u>, 453 F.3d

17 1160, 1165-66 (9th Cir. 2006) (affirming district court's dismissal of the case "because the

18 complaint is nothing more than another attack on the California superior court's determination in

19 [plaintiff's] domestic case").

20            For all the reasons set forth above, plaintiff's complaint fails to satisfy the

21 minimum requirements for a civil complaint in federal court and does not state a cognizable

22 claim.  Accordingly, plaintiff's complaint will be dismissed for failure to state a claim.

23            The undersigned has carefully considered whether plaintiff may amend his

24 complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

25 amend include undue delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg.</u>

26 <u>Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988).  <u>See also</u> <u>Klamath-Lake</u>

1  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

2  while leave to amend shall be freely given, the court does not have to allow futile amendments).

3  In light of the obvious deficiencies of plaintiff's complaint noted above, the court finds that it

4  would be futile to grant plaintiff leave to amend.

5  　　　　　Accordingly, IT IS HEREBY ORDERED that plaintiff's December 30, 2010

6  application to proceed in forma pauperis (Doc. No. 2) is granted.

7  　　　　　IT IS RECOMMENDED that:

8  　　　　　1. Plaintiff's December 30, 2010 complaint (Doc. No. 1) be dismissed without

9  leave to amend; and

10  　　　　　2. This action be dismissed.

11  　　　　　These findings and recommendations will be submitted to the United States

12  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

13  fourteen (14) days after being served with these findings and recommendations, plaintiff may file

14  written objections with the court.  A document containing objections should be titled "Objections

15  to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

16  objections within the specified time may, under certain circumstances, waive the right to appeal

17  the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: May 25, 2011.

20  _____
   DALE A. DROZD
21  DAD:6
   Ddad1\orders.prose\narayan3485.ifp.f&rs
   UNITED STATES MAGISTRATE JUDGE